UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Aero Law Group PC, | } | Docket No. 1:24-cv-00721 (VM) |
| Plaintiff, | } | |
| v. | } | |
| Aero Law Group, PLLC, and | } | |
| Markus Daniel Ebert, | } | |
| Defendants. | } | |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/22/24
```

## CONSENT DECREE

This civil action having come before the Court between Plaintiff Aero Law Group PC ("AERO LAW GROUP" or "Plaintiff"), and Defendants Aero Law Group PLLC and Markus Daniel Ebert (individually "Defendant" or collectively "Defendants"), and the Court being advised that the parties reached a settlement in connection with the issues raised in the Complaint, and have entered into a First Amended and Restated Settlement Agreement which is attached hereto as **Exhibit C**, and have agreed to a termination and disposition of this civil action in accordance with the following Consent Decree and the entry thereof;

NOW, THEREFORE, upon the consent of Plaintiff and Defendants, it is hereby:

ORDERED, ADJUDGED AND DECREED that:

1.      This Court has jurisdiction over the parties and over the subject matter of this action. Venue over this action is proper in the United States District Court for the Southern District of New York.

2.      Plaintiff is the owner of the service mark AERO LAW GROUP in standard

1

characters without regard to font, style, size, color or design elements, the service mark AERO LAW GROUP with design elements:



for legal services (hereinafter the "AERO LAW GROUP Marks").

3.      Plaintiff is the owner of the following U.S. registrations for the AERO LAW GROUP Marks:

| Mark | Reg. No. | Issue Date | Services |
|---|---|---|---|
| AERO LAW GROUP | 7,274,181 | January 16, 2024 | Legal Services |
|  | 7,274,237 | January 16, 2024 | Legal Services |

True and correct copies of the registration certificates for the aforementioned U.S. registrations are attached hereto as **Exhibit A**.

5.      Plaintiff has brought this civil action seeking injunctive relief and damages for acts of trademark infringement, unfair competition under federal law, unfair competition under New York law, and cybersquatting arising out of Defendants' use of Plaintiff's AERO LAW GROUP Marks in connection with the advertisement, promotion, offer for sale and sale of legal services (the "Offending Services") and Defendants' registration and use of the domain name aero-law-group.com.

6.       Defendants shall not contest, directly or indirectly, the validity of or Plaintiff's ownership of the AERO LAW GROUP Marks referred to in Paragraph 2 above or the U.S. registrations for the AERO LAW GROUP Marks referred to in Paragraph 3 above including in

any future proceedings between Plaintiff and the Defendants or either of the Defendants, whether such proceedings constitute an action for contempt or violation of this Consent Decree or claims for or relating to infringement and/or counterfeiting of the aforementioned AERO LAW GROUP Marks and/or the aforementioned U.S. registrations.

6. Defendants and their officers, members, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys and all persons in active concert and/or participation with them who receive notice, are hereby permanently enjoined and restrained from:

i) Using the AERO LAW GROUP Marks, or any designations which are confusingly similar thereto or are colorable imitations thereof, as or incorporated in any trademarks, service marks, trade names, company names, domain names or other URLs, social media account names, user names or handles or in any other manner in connection with the production, distribution, advertising, promotion offering for sale or sale of the Offending Services or any other products or services which are identical, similar, or related to Plaintiff's Services;

ii) Infringing upon or diluting the distinctive quality and secondary meaning of Plaintiff's AERO LAW GROUP Marks;

iii) Injuring Plaintiff's business reputation and the goodwill associated with Plaintiff's AERO LAW GROUP Marks; and

iv) Owning, registering, trafficking in, or otherwise using any domain names and websites that are confusingly similar or dilutive of Plaintiff's AERO LAW GROUP Marks (collectively, the "Prohibited Domain Names").

The aforementioned prohibited acts shall include but are not limited to the Defendants' uses

of the AERO LAW GROUP Marks shown in **Exhibit B** annexed hereto.

7. Defendant is hereby ordered to, not later than May 30, 2024, transfer to Plaintiff registration of the domain names aero-law-group.com and aerospacelawgroup.com.

8.     Apart from any independent contractual agreements which may be reached between the parties, Plaintiff and Defendants shall bear their own attorneys' fees and costs incurred in connection with this Civil Action.

9.     This Court shall retain jurisdiction of this matter and over the parties for the purpose of making any further orders which are necessary or proper for enforcement of this Consent Decree and the punishing of any violation thereof.

10.     The First Amended and Restated Settlement Agreement between Plaintiff and Defendants attached hereto as **Exhibit C** is hereby incorporated by reference into this Consent Decree and the terms thereof are hereby adopted as terms of this Consent Decree.

11.     This Court shall retain jurisdiction of this matter and over the parties for the purpose of enforcing the First Amended and Restated Settlement Agreement by and between the parties attached hereto as **Exhibit C** and making any further orders which are necessary or proper for enforcement of the First Amended and Restated Settlement Agreement and the punishing of any violation thereof.

SO ORDERED.

Victor Marrero, United States District Judge.

Issued: April 22, 2024

**Exhibit A**

**Plaintiff's U.S. Registrations**

# United States of America

## United States Patent and Trademark Office

# AERO LAW GROUP

**Reg. No. 7,274,181**

**Registered Jan. 16, 2024**

**Int. Cl.: 45**

**Service Mark**

**Principal Register**

Aero Law Group PC  (WASHINGTON professional corporation )
155 108TH AVE NE, SUITE 310
BELLEVUE, WASHINGTON 98004

CLASS 45: Legal services

FIRST USE 12-1-2001; IN COMMERCE 12-1-2001

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "LAW GROUP"

SER. NO. 97-575,927, FILED 09-01-2022



*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office



# United States of America

## United States Patent and Trademark Office



**Reg. No. 7,274,237**

**Registered Jan. 16, 2024**

**Int. Cl.: 45**

**Service Mark**

**Principal Register**

Aero Law Group PC  (WASHINGTON professional corporation )
155 108TH AVE NE, SUITE 310
BELLEVUE, WASHINGTON 98004

CLASS 45: Legal services

FIRST USE 12-31-2009; IN COMMERCE 12-31-2009

The mark consists of the literal element "AERO LAW GROUP" with a stylized letter "A" in the wording "AERO" appearing as a curved line representing stems of the letter "A" and a triangular line representing the crossbar of the letter "A".

No claim is made to the exclusive right to use the following apart from the mark as shown: "LAW GROUP"

SER. NO. 97-582,704, FILED 09-08-2022

*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office



**Exhibit B**

**Defendants' uses of the AERO LAW GROUP Marks**

Case 1:24-cv-00721-VM    Document 13    Filed 04/22/24    Page 9 of 37

Aero Law Group | Aviation and Aerospace Law



📞 212-763-5212 or 202-880-5230    ✉ info@aero-law-group.com

**Aero Law Group, PLLC**



# Aviation and Aerospace Law

# Aero Law Group, PLLC

## Aviation and Aerospace Law

*Contact Us today to discuss your next transaction*

Aero Law Group | Aviation and Aerospace Law



Aero Law Group, PLLC

26 Broadway, Suite 934

New York, NY 10004

P. 212-763-5212 *or*

M. 202-880-5230



Aero Law Group, PLLC is a privately-owned aviation and aerospace law firm that serves clients nationally and internationally. We support a wide range of aviation and aerospace industry transactions that range from aircraft acquisitions to the greenfield development of entire airports.

Our end goal is to safeguard and protect you, helping to ensure you receive the best possible legal advice and services.

Aero Law Group has years of experience, education, and outstanding legal services. Mr. Ebert and his team will represent all your aviation and aerospace needs, including but not limited to:

- Aircraft sales and acquisitions
- Negotiating land and hangar leases at airports
- Structuring airport development projects

- FAA examinations and defenses
- FAA certifications (Part 145, Part 125, Part 129, etc.)
- FAA appeals

# Practice Areas



| Aircraft Transactions | Aviation Business and Development Transactions |
|---|---|
| **MROs and FBOs** | **Airport Development** |

**Escrow Services for Aviation Transactions**

Copyright © 2018 - 2024 Aero Law Group, PLLC All rights reserved.

**Exhibit C**

**First Amended and Restated Settlement Agreement**

# FIRST AMENDED AND RESTATED SETTLEMENT AGREEMENT

This First Amended and Restated Settlement Agreement (this "**Agreement**") is made effective as of March 1, 2024 (the "**Effective Date**") by and between (a) Aero Law Group PC ("Plaintiff") and (b) Aero Law Group PLLC and Markus Daniel Ebert ("Defendants"). Plaintiff, Aero Law Group PC, and Defendants, Aero Law Group PLLC and Markus Daniel Ebert, shall be referred to collectively as the "**Parties**", and each, individually, as a "**Party**".

## BACKGROUND

WHEREAS, Plaintiff has brought a civil action for service mark infringement, unfair competition under federal law and New York law, and cybersquatting (the "Action") in the United States District Court for the Southern District of New York (the "Court").

WHEREAS, the Parties entered into that certain Settlement Agreement effective March 1, 2024, intending to resolve the Action;

WHEREAS, the Parties desire to amend, supersede, and restate the terms of the Settlement Agreement and the terms and conditions of settlement and resolution of the Action effective retroactively as of the effective date of the Settlement Agreement which is one and the same as the Effective Date of this Agreement;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties hereby agree as follows:

## AGREED TERMS

1.    <u>Cessation of Use of the Mark</u>. Defendants, and any and all of their respective its affiliates, officers, directors, agents, attorneys, employees, and all those acting in concert or participation with any of them, shall themselves and cause all other persons or entities under their control to on or before the Effective Date permanently cease all use of:

      (a)    the mark AERO LAW GROUP or AERO LAW GROUP PLLC in connection with legal services in the United States and any countries or jurisdictions foreign to the United States;

      (b)    the mark AEROSPACE LAW GROUP or AEROSPACE LAW GROUP PLLC in connection with legal services in the United States and any countries or jurisdictions foreign to the United States;

      (c)    any word, term, name, symbol, or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, Aero Law Group PC's AERO LAW GROUP marks in the United States and any countries or jurisdictions foreign to the United States including, without limitation, the words or terms AERO LAW GROUP, AERO LAW GROUP PLLC, AEROSPACE LAW GROUP, and AEROSPACE LAW GROUP PLLC, and any other word, term, name, symbol, or device (or any combination thereof) including the term AERO (including, for avoidance of doubt, the term AERO alone or in any combination, compound, middle, prefix, suffix, phonetic equivalent, or other grammatical form or component); or

(d)      any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Aero Law Group PC, or as to the source or origin of, sponsorship or approval by, Aero Law Group PC of Defendants' legal services or commercial activities in in the United States and any countries or jurisdictions foreign to the United States.

2.      <u>Abandonment of Rights</u>. Defendants hereby declares its voluntary, intentional and irrevocable abandonment of any and all rights in and to the mark AERO LAW GROUP or AERO LAW GROUP PLLC, the mark AEROSPACE LAW GROUP or AEROSPACE LAW GROUP PLLC, any other mark including or using the term AERO (including, for avoidance of doubt, the term AERO alone or in any combination, compound, middle, prefix, suffix, phonetic equivalent, or other grammatical form or component), and any other word, term, name, symbol or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, Aero Law Group PC's AERO LAW GROUP marks.

3.      <u>Removal of Materials from the Marketplace</u>. Defendants shall take all necessary steps to remove from public view and access by no later than thirty (30) days of the Effective Date all materials, including all signs, displays, labels, and promotional materials, that use, feature, or bear:

(a)      the mark AERO LAW GROUP or AERO LAW GROUP PLLC;

(b)      the mark AEROSPACE LAW GROUP or AEROSPACE LAW GROUP PLLC;

(c)      any other mark including or using the term AERO (including, for avoidance of doubt, the term AERO alone or in any combination, compound, middle, prefix, suffix, phonetic equivalent, or other grammatical form or component);

(d)      any word, term, name, symbol or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, Aero Law Group PC's AERO LAW GROUP marks; or

(e)      any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Aero Law Group PC, or as to the source or origin of, or sponsorship or approval by Aero Law Group PC of Defendants' services or commercial activities.

4.      <u>Future Trademark Applications</u>. Defendants shall not apply for, prosecute, maintain, or enforce, or seek to have any third party apply for, prosecute, maintain or enforce for Defendants' benefit, any registration for the mark AERO LAW GROUP or AERO LAW GROUP PLLC, the mark AEROSPACE LAW GROUP or AEROSPACE LAW GROUP PLLC, any mark, word, term, name, symbol, or device (or any combination thereof) including the term AERO (including, for avoidance of doubt, the term AERO alone or in any combination, compound, middle, prefix, suffix, phonetic equivalent, or other grammatical form or component), or any other mark that is identical or confusingly similar to, or a colorable imitation or dilutive of, Aero Law

2

Group PC's AERO LAW GROUP marks for any goods or services on any federal or state trademark registry.

     5.     <u>Websites, Email, Corporate Name, Domain Names</u>.

     (a)    <u>Website Take-Down</u>. Not later than **April 1, 2024**, Defendants shall take down and remove all content from the website <u>aero-law-group.com,</u> the website <u>aerospacelawgroup.com,</u> and any other website including or using the term AERO LAW GROUP, the term AEROSPACE LAW GROUP, the term AERO (including, for avoidance of doubt, the term AERO alone or in any combination, compound, middle, prefix, suffix, phonetic equivalent, or other grammatical form or component), or any other word, term, name, symbol or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, Aero Law Group PC's AERO LAW GROUP marks, and shall thereafter maintain all such websites as taken-down with all content removed during the time period beginning on the Effective Date and continuing for ninety (90) calendar days ("Transition Period").

     (b)    <u>Email Transition and Cessation</u>. During the Transition Period, Defendants shall implement an autoresponder for the email addresses <u>mebert@aero-law-group.com</u> and mebert@aerospacelawgroup.com that will automatically send a reply to any incoming email, informing the sender that Defendants' email address has changed and specifying Defendants' new email address while still allowing deliver of emails to the inbox associated with the email addresses <u>mebert@aero-law-group.com</u> and mebert@aerospacelawgroup.com. At the end of the Transition period, Defendants shall cease all use of and shall disable the email addresses <u>mebert@aero-law-group.com</u> and mebert@aerospacelawgroup.com. As of the Effective Date Defendants shall cease all use of and disable any other email address including or using the <u>@aero-law-group.com</u> email domain, the <u>@aerospacelawgroup.com</u> email domain, or any other email domain including or using the term AERO LAW GROUP, the term AEROSPACE LAW GROUP, the term AERO (including, for avoidance of doubt, the term AERO alone or in any combination, compound, middle, prefix, suffix, phonetic equivalent, or other grammatical form or component), or any other word, term, name, symbol or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, Aero Law Group PC's AERO LAW GROUP marks.

     (c)    <u>Corporate Name Change</u>. Before the end of the Transition Period, Defendants will  change the corporate name AERO LAW GROUP PLLC to a new name that does not include or use the term AERO LAW GROUP, the term AEROSPACE LAW GROUP, the term AERO (including, for avoidance of doubt, the term AERO alone or in any combination, compound, middle, prefix, suffix, phonetic equivalent, or other grammatical form or component), or any other word, term, name, symbol or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, Aero Law Group PC's AERO LAW GROUP marks, and shall cause such name change to be effectuated and made of public record with all secretaries of state with whom the corporate name AERO LAW GROUP PLLC is of record.

(d)     <u>Domain Name Transfer</u>. Within ten (10) days of the end of the Transition Period (namely on or before **May 30, 2024**) Defendants shall take all steps necessary to transfer to Aero Law Group PC all right, title and interest in and to the domain name <u>aero-law-group.com,</u> the domain name <u>aerospacelawgroup.com,</u> and any other domain name or website <u>owned or controlled by Defendants, individually or together,</u> including or using the term AERO LAW GROUP, the term AEROSPACE LAW GROUP, the term AERO (including, for avoidance of doubt, the term AERO alone or in any combination, compound, middle, prefix, suffix, phonetic equivalent, or other grammatical form or component), or any other word, term, name, symbol or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, Aero Law Group PC's AERO LAW GROUP marks, including all email hosting associated with any of the foregoing, and including all registrations thereof and any goodwill associated therewith.

6.      <u>Acknowledgement of Ownership and No Challenge</u>. Defendants acknowledges that Aero Law Group PC is the owner in the United States of all right, title and interest in and to Aero Law Group PC's AERO LAW GROUP marks for legal services and United States Registration Nos. 7,274,181 and 7,274,237 therefor (the "**Registrations**"). Defendants acknowledges that Aero Law Group PC's AERO LAW GROUP marks is valid and that the Registrations are valid and subsisting. Defendants shall not at any time or for any reason challenge either the validity of Aero Law Group PC's AERO LAW GROUP marks or Registrations or Aero Law Group PC's ownership thereof.

7.      <u>Acceptable Mark and Rebranding</u>. Defendants have represented to Plaintiff that they intend to and will adopt the mark AVIATION LAW PARTNERS, the corporate name Aviation Law Partners (which may be followed by PLLC or another applicable identifier of corporate form), and the domain name and website Aviation-Law-Partners.com, AviationLawPartners.com, or another form of domain name and website substantially consisting of the term AVIATION LAW PARTNERS and not including the term AERO (including, for avoidance of doubt, the term AERO alone or in any combination, compound, middle, prefix, suffix, phonetic equivalent, or other grammatical form or component) (the "Represented Mark and Rebranding"). Without otherwise limiting any term or condition of this Agreement, Plaintiff acknowledges that Defendant's adoption of the Represented Mark and Rebranding is consistent with the terms and conditions set forth in Sections 1, 2, 3, 4, 5, and 6 of this Agreement.

8.      <u>Costs and Fees</u>. The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred and that neither Party nor its attorney(s) will seek any award of attorneys' fees or costs from the other Party, except as provided herein.

9.      <u>Mutual Release</u>. The Parties, on behalf of themselves, their predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates and assigns, and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns, and successors in interest, and all persons acting by, through, under, or in concert with them, and each of them, hereby release and discharge the other Party, together with their predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control

with any of the foregoing, affiliates and assigns and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns and successors in interest, and all persons acting by, through, under, or in concert with them, and each of them, from all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, medical costs, pain and suffering, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually incurred), and punitive damages, of any nature whatsoever, known or unknown, which either Party has, or may have had, against the other Party, whether or not apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions related to or arising from:

> (a)   the Action, pending in the Court as set forth above;
>
> (b)   an agreement between the Parties;
>
> (c)   any other matter between the Parties; and/or
>
> (d)   any claims under federal, state, or local law, rule or regulation.

This Agreement resolves any claim for relief that could have been alleged, no matter how characterized, including, without limitation, compensatory damages, damages for breach of contract, bad faith damages, reliance damages, liquidated damages, damages for humiliation and embarrassment, punitive damages, costs and attorneys' fees related to or arising from the Dispute.

10.    <u>No Outstanding or Known Future Claims/Causes of Action</u>. Each Party affirms that it has not filed with any governmental agency or court any type of action or report against the other Party other than the Action, and currently knows of no existing act or omission by the other Party that may constitute a claim or liability excluded from the release in Section 9 above.

11.    <u>Acknowledgment of Settlement</u>. The Parties, as broadly described in Section 9 above, acknowledge that (a) the consideration set forth in this Agreement is in full settlement of all claims or losses of whatsoever kind or character that they have, or may ever have had, against the other Party, as broadly described in Section 9 above, and (b) by signing this Agreement, and accepting the consideration provided herein and the benefits of it, they are giving up forever any right to seek further monetary or other relief from the other Party, as broadly described in Section 9 above, for any acts or omissions up to and including the Effective Date.

12.    <u>Consent Decree</u>. Defendant agrees and consents to entry of a consent decree and judgment of the form and terms set out in Exhibit 1 ("Consent Decree"). Plaintiff shall file the Consent form within ten (10) Business Days of Plaintiff's receipt of the. Defendants shall cooperate with Plaintiff in securing entry of the Consent Decree.

13.    <u>Non-Disparagement</u>. Defendant agrees that, unless required to do so by legal process, they and their officers and directors will not make any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about Plaintiff or Plaintiff's attorneys, representatives, affiliates, directors,

officers, employees or agents. For purposes of this paragraph a disparaging statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character, or product quality of the person or entity to whom the communication relates.

14.    <u>Agreement is Legally Binding</u>. The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates. Moreover, the persons and entities referred to in Section 9 above (other than the Parties) are third-party beneficiaries of this Agreement.

15.    <u>Entire Agreement; Superseding Agreement</u>. The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the Parties. This Agreement supersedes and replaces the Settlement Agreement between the Parties dated March 1, 2024.

16.    <u>New or Different Facts: No Effect</u>. Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

17.    <u>Interpretation</u>. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

18.    <u>Governing Law and Submission to Jurisdiction</u>.

(a)    This Agreement and all related documents, and all matters arising out of or relating to this Agreement, are governed by, and construed in accordance with, the laws of the State of New York, without regard to the conflict of laws provisions thereof to the extent such principles or rules would require or permit the application of the laws of any jurisdiction other than those of the State of New York.

(b)    Any action, suit or other proceeding arising out of or related to this Agreement shall be instituted exclusively in the federal courts of the Southern District of New York, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding. Service of process, summons, notice or other document by mail to such party's address set forth herein shall be effective service of process for any action, suit or other proceeding brought in any such court.

19.    <u>Equitable Relief</u>. Defendants acknowledges that a breach or threatened breach by Defendants of any of its obligations under this Agreement would give rise to irreparable harm to

6

Plaintiff for which monetary damages would not be an adequate remedy and hereby agrees that in the event of a breach or a threatened breach by Defendants of any such obligations, Plaintiff shall, in addition to any and all other rights and remedies that may be available to it in respect of such breach, be entitled to equitable relief, including a temporary restraining order, an injunction, specific performance, and any other relief that may be available from a court of competent jurisdiction (without any requirement to post bond).

20.    Attorneys' Fees. In the event that Plaintiff institutes any legal suit, action or proceeding against either or both of the Defendants to enforce the covenants contained in this Agreement or obtain any other remedy in respect of any breach of this Agreement, or otherwise arising out of or relating to this Agreement, the prevailing party in the suit, action or proceeding shall be entitled to receive in addition to all other damages to which it may be entitled, the costs incurred by such party in conducting the suit, action or proceeding, including reasonable attorneys' fees and expenses and court costs.

21.    Reliance on Own Counsel. In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

22.    Counterparts. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

23.    Authority to Execute Agreement. By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any By-law, Covenant and/or other restrictions placed upon them by their respective entities.

[SIGNATURE PAGE FOLLOWS]

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement as of the dates below written.

**AERO LAW GROUP PC ("PLAINTIFF")**

By: _____

John H. Schmidt, President

Date: MARCH 20, 2024

**AERO LAW GROUP PLLC ("DEFENDANT")**

By: _____

Markus Daniel Ebert, Member and Authorized Signatory

Date: 07/26/24

**MARKUS DANIEL EBERT ("DEFENDANT")**

_____

Markus Daniel Ebert

Date: 07/26/24

8

**Exhibit 1**

**Consent Decree**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Aero Law Group PC, | }     __ Civ. ____ (___)(___) |
|            Plaintiff, | } |
|            v. | } |
| Aero Law Group, PLLC, and | } |
| Markus Daniel Ebert, | } |
|            Defendants. | } |

## **CONSENT DECREE**

This civil action having come on before the Court between Plaintiff Aero Law Group PC ("AERO LAW GROUP" or "Plaintiff"), and Defendants Aero Law Group PLLC and Markus Daniel Ebert (individually "Defendant" or collectively "Defendants"), and the Court being advised that the parties reached a settlement in connection with the issues raised in the Complaint, and have entered into a First Amended and Restated Settlement Agreement which is attached hereto as **Exhibit C**, and have agreed to a termination and disposition of this civil action in accordance with the following Consent Decree and the entry thereof;

NOW, THEREFORE, upon the consent of Plaintiff and Defendants, it is hereby:

ORDERED, ADJUDGED AND DECREED that:

1.    This Court has jurisdiction over the parties and over the subject matter of this action. Venue over this action is proper in the United States District Court for the Southern District of New York.

2.    Plaintiff is the owner of the service mark AERO LAW GROUP in standard

1

characters without regard to font, style, size, color or design elements, the service mark AERO LAW GROUP with design elements:



for legal services (hereinafter the "AERO LAW GROUP Marks").

3.      Plaintiff is the owner of the following U.S. registrations for the AERO LAW GROUP Marks:

| Mark | Reg. No. | Issue Date | Services |
|------|----------|------------|----------|
| AERO LAW GROUP | 7,274,181 | January 16, 2024 | Legal Services |
|  | 7,274,237 | January 16, 2024 | Legal Services |

True and correct copies of the registration certificates for the aforementioned U.S. registrations are attached hereto as **Exhibit A**.

5.      Plaintiff has brought this civil action seeking injunctive relief and damages for acts of trademark infringement, unfair competition under federal law, unfair competition under New York law, and cybersquatting arising out of Defendants' use of Plaintiff's AERO LAW GROUP Marks in connection with the advertisement, promotion, offer for sale and sale of legal services (the "Offending Services") and Defendants' registration and use of the domain name aero-law-group.com.

6.       Defendants shall not contest, directly or indirectly, the validity of or Plaintiff's ownership of the AERO LAW GROUP Marks referred to in Paragraph 2 above or the U.S. registrations for the AERO LAW GROUP Marks referred to in Paragraph 3 above including in any

future proceedings between Plaintiff and the Defendants or either of the Defendants, whether such proceedings constitute an action for contempt or violation of this Consent Decree or claims for or relating to infringement and/or counterfeiting of the aforementioned AERO LAW GROUP Marks and/or the aforementioned U.S. registrations.

6. Defendants and their officers, members, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys and all persons in active concert and/or participation with them who receive notice, are hereby permanently enjoined and restrained from:

i) Using the AERO LAW GROUP Marks, or any designations which are confusingly similar thereto or are colorable imitations thereof, as or incorporated in any trademarks, service marks, trade names, company names, domain names or other URLs, social media account names, user names or handles or in any other manner in connection with the production, distribution, advertising, promotion offering for sale or sale of the Offending Services or any other products or services which are identical, similar, or related to Plaintiff's Services;

ii) Infringing upon or diluting the distinctive quality and secondary meaning of Plaintiff's AERO LAW GROUP Marks;

iii) Injuring Plaintiff's business reputation and the goodwill associated with Plaintiff's AERO LAW GROUP Marks; and

iv) Owning, registering, trafficking in, or otherwise using any domain names and websites that are confusingly similar or dilutive of Plaintiff's AERO LAW GROUP Marks (collectively, the "Prohibited Domain Names").

The aforementioned prohibited acts shall include but are not limited to the Defendants' uses

3

of the AERO LAW GROUP Marks shown in **Exhibit B** annexed hereto.

7. Defendant is hereby ordered to, not later than May 30, 2024, transfer to Plaintiff registration of the domain names aero-law-group.com and aerospacelawgroup.com.

8.     Apart from any independent contractual agreements which may be reached between the parties, Plaintiff and Defendants shall bear their own attorneys' fees and costs incurred in connection with this Civil Action.

9.     This Court shall retain jurisdiction of this matter and over the parties for the purpose of making any further orders which are necessary or proper for enforcement of this Consent Decree and the punishing of any violation thereof.

10.     The First Amended and Restated Settlement Agreement between Plaintiff and Defendants attached hereto as **Exhibit C** is hereby incorporated by reference into this Consent Decree and the terms thereof are hereby adopted as terms of this Consent Decree.

11.     This Court shall retain jurisdiction of this matter and over the parties for the purpose of enforcing the First Amended and Restated Settlement Agreement by and between the parties attached hereto as **Exhibit C** and making any further orders which are necessary or proper for enforcement of the First Amended and Restated Settlement Agreement and the punishing of any violation thereof.

SO ORDERED.

/s/ _____

_____, United States District Judge.

Issued: _____

**Exhibit A**

**Plaintiff's U.S. Registrations**

# United States of America
## United States Patent and Trademark Office

# AERO LAW GROUP

**Reg. No. 7,274,181**

**Registered Jan. 16, 2024**

**Int. Cl.: 45**

**Service Mark**

**Principal Register**

Aero Law Group PC  (WASHINGTON professional corporation )
155 108TH AVE NE, SUITE 310
BELLEVUE, WASHINGTON 98004

CLASS 45: Legal services

FIRST USE 12-1-2001; IN COMMERCE 12-1-2001

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO
ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as
shown: "LAW GROUP"

SER. NO. 97-575,927, FILED 09-01-2022



*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office



# United States of America

## United States Patent and Trademark Office



**Reg. No. 7,274,237**

**Registered Jan. 16, 2024**

**Int. Cl.: 45**

**Service Mark**

**Principal Register**

Aero Law Group PC  (WASHINGTON professional corporation )
155 108TH AVE NE, SUITE 310
BELLEVUE, WASHINGTON 98004

CLASS 45: Legal services

FIRST USE 12-31-2009; IN COMMERCE 12-31-2009

The mark consists of the literal element "AERO LAW GROUP" with a stylized letter "A" in the wording "AERO" appearing as a curved line representing stems of the letter "A" and a triangular line representing the crossbar of the letter "A".

No claim is made to the exclusive right to use the following apart from the mark as shown: "LAW GROUP"

SER. NO. 97-582,704, FILED 09-08-2022

*Katherine Kelly Vidal*

**Director of the United States
Patent and Trademark Office**



**Exhibit B**

**Defendants' uses of the AERO LAW GROUP Marks**



📞 212-763-5212 or 202-880-5230     ✉ info@aero-law-group.com



# Aviation and Aerospace Law

# Aero Law Group, PLLC

## Aviation and Aerospace Law

*Contact Us today to discuss your next transaction*



Aero Law Group, PLLC

26 Broadway, Suite 934

New York, NY 10004

P. 212-763-5212 *or*

M. 202-880-5230



Aero Law Group, PLLC is a privately-owned aviation and aerospace law firm that serves clients nationally and internationally. We support a wide range of aviation and aerospace industry transactions that range from aircraft acquisitions to the greenfield development of entire airports.

Our end goal is to safeguard and protect you, helping to ensure you receive the best possible legal advice and services.

Aero Law Group has years of experience, education, and outstanding legal services. Mr. Ebert and his team will represent all your aviation and aerospace needs, including but not limited to:

- Aircraft sales and acquisitions
- Negotiating land and hangar leases at airports
- Structuring airport development projects

- FAA examinations and defenses
- FAA certifications (Part 145, Part 125, Part 129, etc.)
- FAA appeals

# Practice Areas



**Aircraft Transactions**

**Aviation Business and Development Transactions**

**MROs and FBOs**

**Airport Development**

**Escrow Services for Aviation Transactions**

Copyright © 2018 - 2024 Aero Law Group, PLLC All rights reserved.

**Exhibit C**

**First Amended and Restated Settlement Agreement**